### Franklin Bank *versus* Lawrence & *al.*

An action upon a negotiated note cannot be brought in the name of a person having no interest in it, except by his consent.

Assumpsit upon a negotiable note against the makers. It was indorsed to the bank by the payees, who had subsequently settled it with the bank by their draft on W. & H. Stevens.

There was no proof that the bank had authorized or assented to the bringing of this suit. A nonsuit was directed, which is to be stricken off if improperly ordered.

*Danforth* and *Woods*, for the plaintiffs.

By the production of the note, the plaintiffs are to be considered rightfully in court.

The bank has an interest in the note. The draft was not necessarily a payment. The presumption is, that the bank is still the holder, and prosecuting for those concerned, the money when collected to be applied to the draft, or otherwise for their benefit.

The suit is maintainable without any interest in the bank. *Beekman* v. *Wilson*, 9 Metc. 436; *Southard* v. *Wilson*, 29 Maine, 56; *Vancleef* v. *Therasson*, 3 Pick. 12; *Watkins* v. *Hill*, 8 Pick. 522; *Brigham* v. *Marean*, 7 Pick. 42; *Rogers* v. *Burkee*, 10 Johns. 400; *Harriman* v. *Hill*, 14 Maine, 127.

It is not necessary to prove the consent of the bank. *Thornton* v. *Moody & al.* 11 Maine, 253; *Fairfield* v. *Adams*, 16 Pick. 381.

Even if the note had been paid, its negotiability would not have been destroyed, and there is nothing in the case to rebut the presumption, that it has a second time been transferred to the bank. *Guild* v. *Eager*, 17 Mass. 615; *Eaton* v. *Carey*, 10 Pick. 211.

If the action should be maintained, the defendants have no reason to complain, as there is no pretence that *they* have paid the note, or will suffer any damage.

*North,* for the defendants.

WELLS, J., orally. — The plaintiffs have no interest in the note, nor have they consented that the suit should be brought in their name. It cannot, therefore, be sustained. The property in the note became the indorsers', as soon as they had settled it at the bank. With the consent of the bank, it might have been sued in the present form; but not without that consent. *Bradford* v. *Buckman,* 3 Fairf. 15. Otherwise a party might be made a litigant, and subjected to cost, without any interest in the subject, or even any notice of it.

*Nonsuit confirmed.*